IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARSON CONCRETE CORPORATION, *Plaintiff/Petitioner*, | : : : : | CIVIL ACTION NO. |
| v. | : : | |
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCED IRONWORKERS LOCAL 405 *Defendant/Respondent*. | : : : : : : | |

**DEFENDANT/RESPONDENT INTERNATIONAL ASSOCIATION
OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCED
IRONWORKERS LOCAL 405's NOTICE OF REMOVAL**

**I.   INTRODUCTION**

Defendant/Respondent International Association of Bridge, Structural, Ornamental and Reinforced Ironworkers Local 405 ("Local 405"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1337, 1441 and 1446, removes this action. The Plaintiff/Petitioner is Carson Concrete Corporation ("Carson").

This action concerns a labor arbitration award that was issued after an arbitration was held pursuant to a collective bargaining agreement ("CBA"). This arbitration was controlled by the rules of the American Arbitration Association, as set forth in the CBA. After the arbitration award was issued, Carson opened a case in the Philadelphia Court of Common Pleas ("State Court") to vacate or modify the arbitration award stating that it was doing so pursuant to a state statute, the Uniform Arbitration Act, 42 Pa.C.S.A. § 7302, et al. ("UAA"). However, an action to vacate or modify a labor arbitration

1

award entered pursuant to a CBA is clearly controlled by federal law. *See* the *Steelworkers Trilogy*[1] and 28 U.S.C. § 1331; *see also* 29 U.S.C. §§ 185(a) and (c) of Labor Management Relations Act ("LMRA") and the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq*. Thus, removal is appropriate.

It is acknowledged that this is Local 405's second removal of this action. Carson challenged this removal, stating that a June 14, 2021 Order entered in State Court precluded this Court from having jurisdiction under the *Rooker-Feldman* Doctrine (the "State Court Order"). This Court agreed and remanded this matter to State Court on November 24, 2021. See the "Remand Order" at United States District Court, Eastern District of Pennsylvania, Civil Action 21-02789, Docket Item 16, attached hereto as Exhibit A and the "Remand Memorandum" at Docket Item 15, attached hereto as Exhibit B.

However, this Circuit has recognized that the removal statute does not categorically prohibit the filing of a second notice of removal following remand, if subsequent pleadings, or conduct by the parties, or other circumstances bring a case that was not previously removable within the removal jurisdiction of federal courts. *In re Diet Drugs,* 282 F.3d 220, 232 n. 8 (3rd Cir.2002).

Upon remand, Local 405 moved to strike the State Court Order. On January 11, 2022, the State Court vacated the State Court Order. See a true and correct copy of the State Court's January 11, 2022 Order Vacating the June 14, 2021 Order attached hereto as Exhibit C. Thus, there is no longer a "final order" in State Court, and the *Rooker-Feldman* Doctrine is no longer a bar to this Court's jurisdiction over the action.

---

[1] *United Steelworkers of America v. American Manufacturing Co*., 363 U.S. 564 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp*., 363 U.S. 593 (1960).

It is further recognized that this Court previously stated that it lacked subject matter jurisdiction over this action because "28 U.S.C. § 1331, the Federal Arbitration Act, and 2[9] U.S.C. § 185(a) do not confer jurisdiction to this Court over Defendant's removal action." Exhibit B, page 4. However, upon careful review, the Court's conclusion that these statutes do not confer jurisdiction rests on its finding that the removal was untimely, as a final state court order had been entered prior to removal. In fact, the section of the Memorandum that holds that the Court does not have subject matter jurisdiction over the removal under Sections 185(a) and (c) of the LMRA concludes its review stating that this Court lacks this jurisdiction because this case was removed *after* the State Court Order was entered and *thus* Defendant's removal was untimely. Exhibit B at III(A)(2) at page 8. Therefore, the Court's reasoning relies upon the entry of the State Court Order prior to removal. As addressed above, this State Court Order has now been vacated and is no longer a bar to subject matter jurisdiction. Removal is now appropriate.[2]

Local 405 respectfully bases this removal on the following:

## II.     BACKGROUND AND ARBITRATION AT ISSUE

1. Local 405 is an unincorporated association commonly referred to as a labor union.
2. Carson is signatory to a collective bargaining agreement ("CBA") with Local 405.
3. On or around July 16, 2019, Carson demanded arbitration pursuant to the CBA.

---

[2] Defendant notes that there appears to be a misunderstanding of the procedural history in the reasoning of Section III(A)(2) of the Memorandum. It appears that this Court believed the original arbitration action was instituted in State Court and not before an independent arbitrator pursuant to the rules of the American Arbitration Association. Exhibit B, at footnote 6 ("Defendant may have been able to remove this action once Plaintiff initiated this action in state court, but Defendant chose not to.") and page 8 ("… but this Court's decision rests on the fact that Defendant had every opportunity to remove this action before entry of the State Court Order and chose not to."). Still, the Court's holding necessary rests on the fact that there was a final state court order prior to removal and consequently removal was untimely and deprived the Court of jurisdiction. As the relevant State Court Order has been vacated by the State Court, this is no longer a bar to subject matter jurisdiction and removal is appropriate.

    4.       An Arbitration was held before Arbitrator Alan Symonette.

    5.       On February 26, 2021, pursuant to the CBA, Arbitrator Symonette issued an Arbitration Award that was substantially in favor of Local 405. Arbitrator Symonette's Award is attached hereto as Exhibit D.

    6.       Carson has sought to modify this Arbitration Award.

### III. JURISDICTION

    7.       The Court has original jurisdiction over an action to vacate or modify a labor arbitration award entered pursuant to a CBA. *see* 28 U.S.C. § 1331; *see also* 29 U.S.C. §§ 185(a) and (c) of the LMRA and the FAA, 9 U.S.C. §1, *et seq*.

    8.       As such, this action may be removed to this Court under 28 U.S.C. § 1441(a).

### IV. PLEADINGS TO DATE

    9.       On or around March 29, 2021, Carson filed a Petition to Vacate Arbitration Award or to Modify Arbitration Award and Confirm Award, As Modified in the Civil Division of the Court of Common Pleas of Philadelphia County ("State Court") ("Petition") at case number 21-03-02873. A true copy of the complete State Court Pleadings is attached hereto as Exhibit E.

    10.      Carson never served this Petition, or any additional pleadings, on Local 405. A true copy of the State Court Docket as of February 4, 2022 is attached as Exhibit F.

    11.      On June 14, 2021, the State Court entered the State Court Order, titled "Order Modifying Arbitration Award and Reducing Modified Award to Judgment." Exhibits E and F.

    12.      On June 16, 2021, counsel for Carson notified counsel for Local 405 of the Petition, State Court Order and State Court Action. A true and correct copy of the cover letter sent by counsel to Carson to counsel for Local 405 introducing this matter is attached hereto as Exhibit G.

13. Prior to June 16, 2021, Local 405 had no notice of this action. Service was never made on Local 405. Exhibits E and F.

14. On or around June 23, 2021, Local 405 sought to remove this action to Federal Court. See a true and correct copy of the docket in United States District Court, Eastern District of Pennsylvania, Civil Action 21-02789, attached hereto as Exhibit H at Docket Item 1.

15. On or around July 23, 2021, Carson moved to remand this action. Exhibit H at Docket Item 5.

16. On or around November 24, 2021, this Court remanded the action to State Court. Exhibit H at Docket Item 16.

17. After remand, on or around December 2, 2021, Local 405 moved in State Court to strike the State Court Order. Exhibit F.

18. On or around January 11, 2022, the State Court vacated the State Court Order and granted Carson leave of 20 days to serve Local 405 the original petition to vacate the arbitration award. Exhibits C and F.

19. On or around January 22, 2022, Carson filed an affidavit of service stating that Local 405 was served on January 21, 2022. Exhibit F.

**V.     GROUNDS FOR REMOVAL**

20. Carson's Petition seeks to vacate or modify Arbitrator Symonette's Arbitration Award.

21. The Arbitration occurred pursuant to a labor CBA arbitration clause.

22. Arbitrator Symonette's Arbitration Award and the Petition clearly refer to the language and interpretation of the CBA. Exhibit D and Exhibit E.

5

23. The FAA applies to collective bargaining agreements. *Prospect CCMC LLC v. Crozer-Chester Nurses Ass'n/Pennsylvania Ass'n of Staff Nurses & Allied Pros.,* 803 F. App'x 564, 566 (3d Cir. 2020); 9 U.S.C. §1, *et seq*.

24. The Court has original jurisdiction over an action to vacate or modify a labor arbitration award entered pursuant to a CBA. *see* 28 U.S.C. § 1331; *see also* 29 U.S.C. §§ 185(a) and (c) of the LMRA.

## VI. TIMELINESS

25. According to its Affidavit of Service, Carson served the Petition on Local 405 on January 21, 2022. Exhibit F.

26. Local 405 timely filed this Notice of Removal, as required by 28 U.S.C. § 1446(b), as this is filed within 30 days of receipt of a copy of the initial pleading.

## VII. CONSENT OF ALL PARTIES

27. The only named defendant/respondent in this action is Local 405. Thus, the consent requirement of 28 U.S.C. § 1446(b)(2)(A) has been met.

## VIII. COPY OF ALL STATE COURT FILINGS

28. 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon Local 405. See Exhibit E and Exhibit I, a true and correct copy of all pleadings in United States District Court, Eastern District of Pennsylvania, Civil Action 21-02789,

## IX. NOTICE

29. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly provided to Plaintiff/Petitioner.

30. Pursuant to 28 U.S.C. § 1446(d), a Notice of Notice of Removal will also be provided to the Prothonotary of the Court of Common Pleas of Philadelphia County promptly after the filing of this Notice.

## X. VENUE

31. Venue is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a) because the Eastern District of Pennsylvania embraces Philadelphia County where the removed action is pending.

## XI. CONCLUSION

32. For the above stated reasons, removal is timely and appropriate.

**WHEREFORE**, Local 405 removes this action from the Court of Common Pleas of Philadelphia County Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

                               Respectfully submitted,

                               CLEARY, JOSEM & TRIGIANI, LLP

By:   */s/Ryan R. Sweeney*
       JOEL TRIGIANI, ESQUIRE
       RYAN R. SWEENEY, ESQUIRE
       325 Chestnut Street, Suite 200
       Philadelphia, PA 19106
       P: (215) 735-9099
       F: (215) 640-3201
       *Attorneys for Ironworkers Local 405*

DATED: February 7, 2022

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, a true and correct copy of the foregoing Defendant/Respondent's NOTICE OF REMOVAL was served upon counsel for Plaintiff/Petitioner, by electronic mail and United States Postal Service, regular mail, as follows:

*Counsel to Plaintiff/Petitioner:*
Melissa A. Bozeman, Esq.
Melissa.Bozeman@KutakRock.com
Kutak Rock, LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103

I hereby certify that on the date indicated below, a true and correct copy of the foregoing Defendant/Respondent's NOTICE OF REMOVAL was served upon the Office of the Court of the Court of Common Pleas for Philadelphia County, by electronic mail and United States Postal Service, regular mail, as follows:

*Office of the Court of Common Pleas of Philadelphia County:*
Prothonotary's Office
Court of Common Pleas of Philadelphia County
284 City Hall
Philadelphia, PA 19107

/s/ Ryan R. Sweeney
RYAN R. SWEENEY

Dated: February 4, 2022