IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARSON CONCRETE CORPORATION,** *Plaintiff,* v. **INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCED IRONWORKERS LOCAL 405,** *Defendant.* | **CIVIL ACTION NO. 22-0486** |

**MEMORANDUM OF DECISION**

**BAYLSON, J.**                                                                                                       **December 16, 2022**

## I.     INTRODUCTION

This case is a construction company's challenge to the validity of an arbitration order following the construction union's alleged breach of their collective bargaining agreement (the "CBA"). The case arises from allegations by Plaintiff Carson Concrete Corporation ("Carson") that Defendant construction union ("Local 405") failed to pay Carson payments in the form of job vouchers that Carson claimed was required under the CBA. Carson made an arbitration demand seeking to force Local 405 to pay what Carson believed it was owed, which resulted in an arbitrator's opinion denying Carson's claim. Carson filed suit in state court seeking to vacate or modify the arbitration award. The state court ruled in Carson's favor, but later vacated its decision and the case ended up in federal court through removal. Now, Carson seeks summary judgment for its claims against Local 405 on three grounds:

a) The arbitrator's award granting an audit without a definite deadline constitutes a failure to reach a mutual, final, and definite award;

1

  b) The arbitrator's award granting an audit exceeded the arbitrator's authority because the audit demand was not submitted for consideration to the arbitrator; and

  c) The arbitrator's award is a product of fraud, misconduct, corruption, or other irregularity because the arbitrator refused to allow Carson to confront or cross-examine certain witnesses and to present another witness on rebuttal, thereby denying Carson a full and fair hearing.

For the following reasons, the Court will deny Carson's motion for summary judgment and confirm the arbitrator's award.

## II.  JURISDICTION

This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because the case arises from a labor arbitration governed by the Federal Arbitration Act and the Labor Management Relations Act. See 9 U.S.C. §1; 29 U.S.C. § 185(a).

## III.  FACTS AND PROCEDURAL HISTORY

In January 2018, Carson applied under the Job Recovery Program for the Riverview Project in Plainsboro, New Jersey. Through the program, Carson and other CBA signatory companies could take advantage of reimbursements from the union for hours worked by certain apprentices on the job site. Carson was awarded the Riverview Project and through min-2018 received routine reimbursements from the union under the program.

Sometime later in 2018, Local 405 became aware of allegations that Carson had been underreporting hours worked by union employees and therefore was delinquent in contributing to the union benefits and pension funds. Around this time, reimbursements for Carson under the program ceased and an audit was requested by the union. Alleging Carson's failure to submit to

the audit, the union and benefit funds sued Carson in May 2019 based on the delinquency allegations, a case that landed before this Court (19-1928).

On August 8, 2019 a second lawsuit, 19-3600, was brought by a single plaintiff, Local 405, asking the Court to "stay" an arbitration demand placed by Carson in July 2019 with the Philadelphia office of the American Arbitration Association regarding Carson's claims that Local 405 owed Carson reimbursements pursuant to the terms of the Job Recovery Program. Local 405 requested declaratory judgment from the Court to the effect that Local 405 was not required to submit to arbitration on the claims. On October 15, 2020, Carson filed a motion to dismiss the second lawsuit. Without responding to Carson's motion to dismiss, on October 28, 2020 Local 405 filed a notice with the Court stating that it would voluntarily dismiss the second lawsuit without prejudice, which the Court granted.

Eventually, the arbitration that Local 405 had attempted to stay in the second lawsuit was completed, and on February 26, 2021 the arbitrator issued an opinion and award denying Carson's claim. On March 29, 2021, Carson filed a Petition to Vacate or Modify Arbitration Award with the Court of Common Pleas in Philadelphia. The Court of Common Pleas ruled in Carson's favor on June 14, 2021 after finding that Carson had not been afforded a proper hearing and instituted a judgment for Carson against Local 405 for $149,400 plus interest.

On June 23, 2021, Local 405 filed a Notice of Removal in the state case and a third case, 21-2789, was removed to this Court under federal question jurisdiction. The third case's life in federal court was swift—Carson filed a motion to remand and, after a full briefing from the parties, the Court granted the motion to remand on November 24, 2021, holding that because of the order issued by the state court, the Court could not obtain jurisdiction over the case under the Rooker-Feldman Doctrine.

3

On February 7, 2022, Local 405 filed another Notice of Removal, having successfully moved to vacate the state court order and thereby seeming to have vitiated the Rooker-Feldman issue regarding federal jurisdiction. Carson did not seek remand and Local 405 filed an Answer on February 17, 2022 for this fourth case, 22-486. On April 4, 2022, following a Rule 16 conference with the parties, the Court ordered Carson to file a Rule 56 Motion with the Court with responsive briefing from Local 405 to follow.

On May 18, 2022, Carson filed this motion for summary judgment, which is now fully briefed.

### IV. DISCUSSION

**A. Summary Judgment Standard**

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id. Under Federal Rule of Civil Procedure 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Id. at 255.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular

issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325.

### B. Substantive Law

The Labor Management Relations Act ("LMRA") authorizes suits in federal district court for breach of contracts between an employer and a labor organization representing employees. 29 U.S.C. § 185(a) and (c). The Federal Arbitration Act ("FAA") authorizes district courts to vacate an arbitration award if: (1) the award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct by which the rights of any party were prejudiced, including refusing to hear pertinent and material evidence; or (4) the arbitrators exceeded their authority, or exercised it so imperfectly that a mutual, final and definite award was not made. 9 U.S.C. § 10(a).

Importantly, district courts owe arbitrators significant deference. See Matteson v. Ryder Sys. Inc., 99 F.3d 108, 113 (3d Cir. 1996) ("Given the language employed to describe the standard for reviewing an award on the merits, there is no doubt that our review of the interpretation of a submission is highly deferential"). Such awards may be vacated only when "there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop." Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969); see also United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir. 1995); Exxon Shipping Co. v. Exxon Seamen's Union, 993 F.2d 357, 360 (3d Cir. 1993).

### C. Arguments of the Parties

#### a. Carson's Arguments

Carson makes three arguments that the award should be invalidated under 9 U.S.C. 10(a). First, Carson argues that the arbitrator's award should be vacated because it does not provide a final resolution of the controversy by "holding [payments on the Riverside Project] hostage to a future audit that…has not happened and may not ever happen." Pl.'s Br. at 7. Second, the award should be vacated because the arbitrator exceeded his authority by exceeding the scope of the parties' submissions when he granted the audit. Pl.'s Br. at 8-9. Third, the award should be vacated because the arbitrator denied the Carson a full and fair hearing by refusing to allow cross-examination on key Defense witnesses and refusing to allow examination in rebuttal of a Union executive's testimony. Pl.'s Br. 9-10.

### b. Local 405's Arguments

Local 405 argues that the Court should not vacate or modify the award, but confirm it. Local 405 argues that award is a final resolution of the controversy because the arbitrator determined the Carson was not entitled to payments due to the Carson's failure to submit to an audit. Def.'s Opp'n at 8. Further, Local 405 argues that the arbitrator did not exceed his authority by granting the audit because the Local 405 asserted the audit requirement as a defense to the Carson's claim that Local 405 breached provisions of the CBA by ceasing reimbursement payments. Def.'s Opp'n at 9. And finally, Local 405 argues that the arbitrator did not deny the Carson due process by refusing the examinations of certain witnesses because such examinations would not have provided material facts and such rulings were within the arbitrators authority to decide. Def.'s Opp'n at 10-11.

### D. Analysis

First, Carson's contention that the arbitrator's award should be vacated for lack of final resolution suffers from a dispute of material fact. Carson argues that, because the audit has no

6

deadline and leaves the parties to resolve the dispute on their own at some uncertain future completion date, the award does not finally and definitely dispose of the concern before the arbitrator. Local 405 argues that the award *did* definitely dispose of the concern when the arbitrator denied Carson's claim of reimbursement because a valid prerequisite to reimbursement, the audit, had not been completed. This dispute focuses on the timing of the audit as either an undefined, non-final post-arbitration requirement (Carson) or a specific pre-arbitration requirement justifying the final denial of Carson's claim (Local 405). It is true that if the audit is a post-arbitration requirement without a firm deadline, as Carson argues, 9 U.S.C. s10(a)(4)'s vacatur requirement may entitle Carson to judgment as a matter of law. But since the parties dispute this material fact, summary judgment on this point would be inappropriate.

     As for Carson 's contention that the arbitrator exceeded his authority in imposing the award, Carson argues that the only concern submitted to the arbitrator was the matter of Local 405's failure to reimburse Carson for work on the Riverside Project and not the validity of the audit. Local 405 responds that the audit was properly before the arbitrator because it asserted its demand for an audit as a defense justifying Local 405's refusal to reimburse Carson. As in the first argument, the timing of the audit demand is a material fact disputed by the parties. If Local 405 did base its refusal to reimburse Carson on a valid demand for an audit, as the arbitrator found according to Local 405, then the arbitrator did not exceed his authority. Because the parties dispute this material fact, summary judgment is inappropriate.

     Finally, Carson argues that evidentiary rulings against Carson at the arbitration hearing prejudiced their right to a full and fair hearing, thus procuring the award by fraud, misconduct, or other irregularity. This argument appears to combine the elements of 9 U.S.C. §§10(a)(1) and (3). Carson argues that they were denied a full and fair hearing on two occasions: (1) when the

arbitrator refused to allow them to confront or cross-examine Union employees who had reported under-the-table payments by Carson; and (2) when the arbitrator denied their request to call a Union official on rebuttal. Local 405 responds by arguing that (1) Carson had the opportunity to cross-examine the witness who introduced the evidence of whistleblowers, and that the identity of those whistleblowers was correctly ruled as irrelevant by the arbitrator, and (2) Carson had no procedural right to call a new witness on rebuttal, so their request was properly denied by the arbitrator. The parties do not dispute the fact that Carson was denied an opportunity to confront and cross-examine these individuals, but whether that denial prejudiced a cognizable right to a fair hearing is a matter of law. In light of the significant deference to arbitrator procedural rulings, Carson is not entitled to a judgment as a matter of law and should not be granted summary judgment on this point.

V. **CONCLUSION**

After considering the evidence and whether there are disputed facts, the Court will deny Carson's Motion for Summary Judgment for the following reasons:

1. Under the FAA, the Court finds that the Carson's attacks on the validity and proceedings during the arbitration are legally insufficient and ineffective to upset the Arbitration Award.

2. The Court also finds that the Arbitrator's decision to allow an audit to proceed pursuant to the CBA is an appropriate remedy under the Arbitrator's decision denying Carson's claim.

3. As developed in another litigation in this Court between the parties, the Court had previously ordered an audit to take place by the well-known auditing firm Ernst & Young, which has been the topic of proceedings under Civil Action No. 19-1928.

4. An important reason for why the Court will deny the Motion for Summary Judgment is that the parties' disputes as to what went on during arbitration are not material to whether the award may be vacated under the FAA, 9 U.S.C. §10(a)(1)-(4). Specifically, the parties dispute (1) whether Local 405's demand for an audit first occurred prior to arbitration or during the arbitration and (2) whether Carson had a procedural right to examine certain witnesses that was improperly denied by the arbitrator.

5. Although the Separate Statements of Uncontroverted Facts submitted by the by the parties are full of disputes, these disputes are not legally relevant to the Court's determination that there is no evidence that the Arbitrator acted improperly or that the Arbitrator's decision was unsupported or inappropriate.

6. There is no evidence presented through Carson's arguments that Carson did not receive a fair hearing or that the Award was fraudulent.

7. Carson's final argument, that evidentiary rulings during arbitration were so prejudicial to their right to a fair hearing that it produced a fraudulent award, combines elements of two separate grounds for vacatur under 9 U.S.C. §§10(1).

Local 405 has requested that the Court confirm the arbitrator's award. Section 9 of the FAA instructs the trial court to confirm the award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. In accordance with the provisions of the FAA, the Court confirms the arbitrator's award. See In re Equimed, Inc., No., 2006 WL 1865011, at *6 (E.D. Pa. June 30, 2006).

An appropriate order follows.